# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No.20-0759V
(not to be published)

MARY ANN HATLELID,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: March 25, 2022

Special Processing Unit (SPU);
Attorney's Fees and Costs

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 24, 2020, Mary Ann Hatlelid filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration within the Table time frame causally related to her receipt of the influenza vaccine on September 9, 2018. (Petition at 1). On January 26, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 28).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 2, 2022 (ECF No. 32), requesting a total award of $17,961.82 (representing $16,459.20 in fees and $1,502.62 in costs). In addition, in accordance with General Order No. 9 Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 32-3). Respondent reacted to the motion on February 2, 2022, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 33). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

Petitioner requests compensation for attorney Glen Sturtevant at the following rates: $339 per hour for 2019; $353 per hour for 2020; $372 per hour for 2021; and $392 per hour for 2022. (ECF No. 32 at 3). The requested rates for time billed between 2019-21 are reasonable and consistent with what has previously been awarded for work he has performed for other petitioners, and the requested increase for 2022 work is also acceptable.

In addition, Petitioner requests the rate of $182 per hour for time billed by paralegal Emily Brooks. (ECF No 32-2 at 11). But this requested rate exceeds the Vaccine Program's published range for paralegals in 2022.[3] I shall therefore reduce the requested rates to $177 per hour for time billed 2022. This reduces the fees to be awarded by the amount of **$23.00**.[4]

**ATTORNEY COSTS**

Petitioner requests $1,502.62 in overall costs. (ECF No. 32 at 2). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$17,938.82** (representing $16,436.20 in fees and $1,502.62 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[3] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is consisting of $182 - $177 = $5 x 4.6 hrs = $23.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master